UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) JAQUORI LYONS, a/k/a "Gizzle," a/k/a "Y Gizzle,"<br>(2) JOAN AVALO-QUEZADA, a/k/a "Trouble,"<br>(3) TREVON BELL, a/k/a "Moula,"<br>(4) KEONTE CAMPBELL, a/k/a "Keko,"<br>(5) AMOS CARRASQUILLO, a/k/a "Cruddy,"<br>(6) DESHAWN CIRINO, a/k/a "D," a/k/a "Lil D,"<br>(7) DOMINIQUE FINCH, a/k/a "Heff,"<br>(8) ZION FORD, a/k/a "Bricks,"<br>(9) TYRRE HERRING, a/k/a "Blick," a/k/a "Smoov,"<br>(10) DE'VONNE MCDONALD-JONES, a/k/a "Daedae," a/k/a "D Jones,"<br>(11) RICKQUILLE MCKINNEY, a/k/a "Ricky Mazarati," a/k/a "Mozzy,"<br>(12) AMANI PERKINS, a/k/a "Chop," a/k/a "Choppa,"<br>(13) MICHAEL RILEY, a/k/a "Snyda," a/k/a "Sneed," and<br>(14) KEYON ROBERSON, a/k/a "Beano,"<br><br>Defendants | Criminal No. 23-cr-10186-ADB<br><br>Violations:<br><br>Count One: Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances (21 U.S.C. § 846)<br><br>Count Two: Possession with Intent to Distribute Fentanyl; Aiding and Abetting (21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2)<br><br>Count Three: Possession with Intent to Distribute Marijuana; Aiding and Abetting (21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2)<br><br>Count Four: Possession of a Firearm in Furtherance of a Drug Trafficking Crime (18 U.S.C. § 924(c)(1)(A))<br><br>Count Five: Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity (18 U.S.C. § 1962(d))<br><br>Drug Forfeiture Allegation: (21 U.S.C. § 853)<br><br>Firearm Forfeiture Allegation: (18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c))<br><br>Racketeering Forfeiture Allegation: (18 U.S.C. § 1963(a)) |

<u>SUPERSEDING INDICTMENT</u>

1

<u>COUNT ONE</u>
Conspiracy to Distribute and to Possess with Intent to Distribute
Controlled Substances
(21 U.S.C. § 846)

The Grand Jury charges:

Beginning at a date unknown to the Grand Jury, but no later than October 28, 2021, in the District of Massachusetts, and elsewhere, the defendant,

JAQUORI LYONS,

conspired with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute controlled substances, including marijuana, a Schedule I controlled substance, cocaine, a Schedule II controlled substance, and cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
### Possession with Intent to Distribute Fentanyl; Aiding and Abetting
(21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2)

The Grand Jury further charges:

On or about February 17, 2021, in Boston, in the District of Massachusetts, the defendant,

### JAQUORI LYONS,

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT THREE
Possession with Intent to Distribute Marijuana;
Aiding and Abetting
(21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2)

The Grand Jury further charges:

On or about October 28, 2021, in Somerville, in the District of Massachusetts, the defendant,

### JAQUORI LYONS,

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

COUNT FOUR
Possession of a Firearm in Furtherance of a Drug Trafficking Crime
(18 U.S.C. § 924(c)(1)(A))

The Grand Jury further charges:

On or about October 28, 2021, in Somerville, in the District of Massachusetts, the defendant,

JAQUORI LYONS,

did knowingly possess a firearm, that is, a 9mm semiautomatic pistol, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to possess with intent to distribute controlled substances in violation of Title 21, United States Code, Section 846, as charged in Count One.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

COUNT FIVE
Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity
(18 U.S.C. § 1962(d))

The Grand Jury further charges:

1. From a date unknown to the Grand Jury, but no later than 2000, and continuing through the present, in the District of Massachusetts, and elsewhere, the defendants,

(1) JAQUORI LYONS, a/k/a "Gizzle," a/k/a "Y Gizzle,"
(2) JOAN AVALO-QUEZADA, a/k/a "Trouble,"
(3) TREVON BELL, a/k/a "Moula,"
(4) KEONTE CAMPBELL, a/k/a "Keko,"
(5) AMOS CARRASQUILLO, a/k/a "Cruddy,"
(6) DESHAWN CIRINO, a/k/a "D," a/k/a "Lil D,"
(7) DOMINIQUE FINCH, a/k/a "Heff,"
(8) ZION FORD, a/k/a "Bricks,"
(9) TYRRE HERRING, a/k/a "Blick," a/k/a "Smoov,"
(10) DE'VONNE MCDONALD-JONES, a/k/a "Daedae," a/k/a "D Jones,"
(11) RICKQUILLE MCKINNEY, a/k/a "Ricky Mazerati," a/k/a "Mozzy,"
(12) AMANI PERKINS, a/k/a "Chop," a/k/a "Choppa,"
(13) MICHAEL RILEY, a/k/a "Snyda," a/k/a "Sneed," and
(14) KEYON ROBERSON, a/k/a "Beano,"

and others known and unknown to the Grand Jury, were leaders, members and associates of an organization whose leaders, members and associates engaged in a variety of criminal activities, including murder, conspiracy to commit murder, attempted murder, assault with intent to commit murder, armed robbery, robbery, Hobbs Act robbery, conspiracy to distribute and possess with intent to distribute controlled substances (including but not limited to fentanyl, marijuana, cocaine, cocaine base, and methamphetamine), distribution of and possession with intent to distribute controlled substances (including but not limited to fentanyl, marijuana, cocaine, cocaine base, and methamphetamine), interstate and foreign travel in aid of racketeering enterprises, tampering with a witness, and wire fraud. At all relevant times, this organization, known as the "Heath Street Gang," operated in the District of Massachusetts and elsewhere.

<u>The Enterprise</u>

2.     The Heath Street Gang, including its leaders, members and associates, constitutes an "enterprise" as defined in Title 18, United States Code, Section 1961(4) (hereinafter, "Heath Street Gang" or the "Enterprise"), that is, a group of individuals associated in fact. The Heath Street Gang is an ongoing organization whose leaders, members and associates function as a continuing unit for the common purpose of achieving the objectives of the Heath Street Gang. The Heath Street Gang is engaged in, and its activities affect, interstate and foreign commerce.

<u>Purposes of the Enterprise</u>

3.     The purposes of the Enterprise include the following:

   a.   Preserving, protecting, and expanding the power and reputation of the Enterprise including through the use of violence, threats of violence, and intimidation;

   b.   Promoting and enhancing the Enterprise, and the activities of its leaders, members, and associates – including through the use of violence, threats of violence, intimidation, drug trafficking, robbery, and wire fraud;

   c.   Confronting and retaliating against enemies and rivals of the Enterprise, and their leaders, members, and associates – including through the use of violence, threats of violence, and intimidation;

   d.   Protecting the leaders, members, and associates of the Enterprise from attacks and intimidation from enemies and rivals of the Enterprise; and

   e.   Enriching the leaders, members, and associates of the Enterprise through, among other things, drug trafficking, robbery, and wire fraud.

Means and Methods of the Enterprise

4. Among the means and methods by which Heath Street Gang leaders, members and associates, including the defendants, conduct and participate in the conduct of the affairs of the Enterprise are the following:

   a. Using the Enterprise to commit, attempt to commit, and threaten to commit, acts of violence and intimidation to preserve, protect and expand the Enterprise's criminal operations, to retaliate against enemies and rivals of the Enterprise, and enhance its power and reputation;

   b. Using the Enterprise to promote a climate of fear through violence, threats of violence, and intimidation in order to intimidate potential rivals to the Enterprise and potential witnesses to its illegal activities;

   c. Promulgating certain rules to be followed by all participants in the Enterprise, including the rule that a participant in the Enterprise not act as an informant for law enforcement regarding the criminal activities of the Enterprise. To enforce the rules of the Enterprise, the leaders, members, and associates of the Enterprise assault and threaten participants in the Enterprise and others who violate their rules;

   d. Distributing, possessing with intent to distribute, and conspiring to distribute and possess with intent to distribute controlled substances (including, but not limited to, fentanyl, marijuana, cocaine, cocaine base and methamphetamine) in the District of Massachusetts, and elsewhere;

   e. Possessing, carrying, and using firearms for various reasons, including but not limited to protecting their operations from theft, robbery, and competition from

others; assaulting rivals of the Enterprise; protecting the Enterprise's narcotics and the proceeds of drug distribution; ensuring that drug distribution activities are controlled by the leaders, members, and associates of the Enterprise; intimidating others from attempting to steal the Enterprise's narcotics and narcotics proceeds; intimidating potential witnesses to the Enterprise's illegal activities; and ensuring the personal safety of leaders, members, and associates of the Enterprise;

f. Engaging in robberies, including armed robberies, trafficking in controlled substances, and wire fraud in order to generate income;

g. Conducting illegal activities under the protection of the Enterprise in order to generate income; and

h. Using cellular phones, social media applications, and application-based communication systems to discuss gang-related business and the use of violence to further the purposes of the Enterprise.

The Racketeering Conspiracy

5. From a date unknown to the Grand Jury and continuing through the present, in the District of Massachusetts and elsewhere, the defendants,

(1) JAQUORI LYONS, a/k/a "Gizzle," a/k/a "Y Gizzle,"
(2) JOAN AVALO-QUEZADA, a/k/a "Trouble,"
(3) TREVON BELL, a/k/a "Moula,"
(4) KEONTE CAMPBELL, a/k/a "Keko,"
(5) AMOS CARRASQUILLO, a/k/a "Cruddy,"
(6) DESHAWN CIRINO, a/k/a "D," a/k/a "Lil D,"
(7) DOMINIQUE FINCH, a/k/a "Heff,"
(8) ZION FORD, a/k/a "Bricks,"
(9) TYRRE HERRING, a/k/a "Blick," a/k/a "Smoov,"
(10) DE'VONNE MCDONALD-JONES, a/k/a "Daedae," a/k/a "D Jones,"
(11) RICKQUILLE MCKINNEY, a/k/a "Ricky Mazerati," a/k/a "Mozzy,"

(12) AMANI PERKINS, a/k/a "Chop," a/k/a "Choppa,"
(13) MICHAEL RILEY, a/k/a "Snyda," a/k/a "Sneed," and
(14) KEYON ROBERSON, a/k/a "Beano,"

and other persons known and unknown to the Grand Jury, being persons employed by and associated with the Heath Street Gang, an enterprise which was engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire with each other, and with other persons known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined by Title 18, United States Code, Sections 1961(1) and (5).

6. It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

## The Pattern of Racketeering

7. The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), through which (1) JAQUORI LYONS, a/k/a "Gizzle," a/k/a "Y Gizzle,", (2) JOAN AVALO-QUEZADA, a/k/a "Trouble," (3) TREVON BELL, a/k/a "Moula," (4) KEONTE CAMPBELL, a/k/a "Keko," (5) AMOS CARRASQUILLO, a/k/a "Cruddy," (6) DESHAWN CIRINO, a/k/a "D," a/k/a "Lil D," (7) DOMINIQUE FINCH, a/k/a "Heff," (8) ZION FORD, a/k/a "Bricks," (9) TYRRE HERRING, a/k/a "Blick," a/k/a "Smoov," (10) DE'VONNE MCDONALD-JONES, a/k/a "Daedae," a/k/a "D Jones," (11) RICKQUILLE MCKINNEY, a/k/a "Ricky Mazerati," a/k/a "Mozzy," (12) AMANI PERKINS, a/k/a "Chop," a/k/a "Choppa," (13) MICHAEL RILEY, a/k/a "Snyda," a/k/a "Sneed," and (14) KEYON ROBERSON, a/k/a "Beano," and others known and unknown to the Grand Jury, agreed to

conduct and participate in the conduct of the affairs of the Enterprise, the Heath Street Gang, consisted of multiple:

    a. offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846;

    b. acts involving murder, in violation of Massachusetts General Laws, Chapter 265, Section 1 (murder), Section 15 (assault with intent to murder), and Section 18 (armed assault with intent to murder), and in violation of Massachusetts General Laws, Chapter 274, Section 6 (attempt) and 7 (conspiracy);

    c. acts involving robbery, in violation of Massachusetts General Laws, Chapter 265, Section 17 (armed robbery), and Section 19 (unarmed robbery), and in violation of Massachusetts General Laws, Chapter 274, Section 6 (attempt) and Section 7 (conspiracy);

    d. acts indictable under Title 18, United States Code, Section 1343 (wire fraud);

    e. acts indictable under Title 18, United States Code, Section 1951 (interference with commerce by threats or violence);

    f. acts indictable under Title 18, United States Code, Section 1952 (relating to racketeering); and

    g. acts indictable under Title 18, United States Code, Section 1512 (relating to tampering with a witness).

All in violation of Title 18, United States Code, Section 1962(d).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

1. Upon conviction of the offenses in violation of Title 21, United States Code, Sections 846 and 841(a)(1), set forth in Counts One through Three, the defendant,

JAQUORI LYONS,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. The property to be forfeited includes, but is not limited to, the following:

   a. One Beretta 9mm semiautomatic pistol, bearing serial number X46831Z, seized on or about February 21, 2021;

   b. One P-80 9mm semiautomatic pistol seized on or about October 28, 2021; and

   c. Various rounds of ammunition seized on or about February 21, 2021 and October 28, 2021.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

12

      e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

    All pursuant to Title 21, United States Code, Section 853.

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section(s) 924(c)(1)(A)), set forth in Count Four, the defendant,

JAQUORI LYONS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense. The property to be forfeited includes, but is not limited to, the following:

   a. One P-80 9mm semiautomatic pistol seized on or about October 28, 2021; and

   b. Nine rounds of 9mm ammunition seized on or about October 28, 2021.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

RACKETEERING FORFEITURE ALLEGATION
(18 U.S.C. § 1963(a))

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 1962, set forth in Count Five, the defendants,

   (1)  JAQUORI LYONS, a/k/a "Gizzle," a/k/a "Y Gizzle,"
   (2)  JOAN AVALO-QUEZADA, a/k/a "Trouble,"
   (3)  TREVON BELL, a/k/a "Moula,"
   (4)  KEONTE CAMPBELL, a/k/a "Keko,"
   (5)  AMOS CARRASQUILLO, a/k/a "Cruddy"
   (6)  DESHAWN CIRINO, a/k/a "D" a/k/a "Lil D,
   (7)  DOMINIQUE FINCH, a/k/a "Heff,"
   (8)  ZION FORD, a/k/a "Bricks,"
   (9)  TYREE HERRING, a/k/a "Blick," a/k/a "Smoov,"
   (10) DE'VONNE MCDONALD-JONES, a/k/a "Daedae," a/k/a "D Jones,"
   (11) RICKQUILLE MCKINNEY, a/k/a "Ricky Mazerati," a/k/a "Mozzy,"
   (12) AMANI PERKINS, a/k/a "Chop," a/k/a "Choppa,"
   (13) MICHAEL RILEY, a/k/a "Snyda," a/k/a "Sneed," and
   (14) KEYON ROBERSON, a/k/a "Beano,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963(a):

   a. any interest acquired or maintained in violation of Title 18, United States Code, Section 1962;

   b. any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

   c. any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 1963(a), as a result of any act or omission of the defendants --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

16

page

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 1963.

A TRUE BILL

_____
FOREPERSON

_____
MICHAEL CROWLEY
SARAH HOEFLE
LUCY SUN
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

District of Massachusetts: FEBRUARY 7, 2024
Returned into the District Court by the Grand Jurors and filed.

/s/ Leonardo T. Vieira 3:47pm
DEPUTY CLERK