UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 23-cr-10186-ADB-4 |
| KEONTE CAMPBELL | ) ) ) | |

### DEFENDANT'S ASSENTED TO MOTION TO MODIFY CONDITIONS OF RELEASE

The defendant, Keonte Campbell, moves this Court to modify his conditions of release by modifying his home confinement order to a daily curfew from 9:00 P.M. to 6:00 A.M. Counsel has conferred with the government and pretrial services about this request. The government, through AUSA Michael Crowley, assents. Pretrial services defers its position to the government.

On May 1, 2024, the Court released Mr. Campbell on conditions. The conditions included that he be subject to home confinement. Mr. Campbell has remained subject to this condition for over six months. During that time, he has not violated a condition of his release. Due to a serious, life-threatening medical condition, Mr. Campbell has had to request windows from home confinement on several occasions for medical appointments. On each occasion, he returned home at the required time.

Under the Bail Reform Act ("BRA"), 18 U.S.C. § 3142, the Court "shall order" the release of a defendant subject to "the least restrictive further condition[s]" that will "reasonably assure" the defendant's appearance in court and the safety of the community. § 3142(c)(1). The BRA provides that a "judicial officer may at any time amend the [release] order to impose additional or different conditions of release." § 3142(c)(3). "This authorization is based on the possibility that a changed situation or new information may warrant altered release conditions."

*See* S. Rep. No. 98-226 at 16 (1983). A defendant's "consistent compliance with existing conditions [of release] counsels in favor of reducing their severity on the theory that lesser conditions will suffice." *United States v. Hutchins*, 298 F. Supp. 3d 1205, 1208 (E.D. Wis. 2017).

Aside from his consistent compliance with release conditions, Mr. Campbell's ongoing medical needs also justify the modification to his release conditions. A letter from his pulmonologist is attached as Exhibit 1 to this motion. His condition requires pulmonary rehabilitation and physical therapy. A curfew as opposed to home confinement will facilitate Mr. Campbell's medical treatment by obviating the need for him to obtain advance approval from pretrial services every time he requires care, which is frequent.

For the foregoing reasons, Mr. Campbell moves that this motion be allowed and his conditions of release modified as described herein.

          KEONTE CAMPBELL
          By his attorney,

          *Daniel J. Gaudet*

          Daniel J. Gaudet, B.B.O. # 688120
          Carney, Gaudet & Carney
          20 Park Plaza, Suite 614
          Boston, MA 02116
          617-933-0350
          DGaudet@CarneyDefense.com

November 4, 2024

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

          *Daniel J. Gaudet*
          Daniel J. Gaudet